**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ELVIN DONALDO ALVARADO-MANZANAREZ,

Petitioner,

v. Case No. 3:26-cv-1948-WWB-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee, initiated this action by filing a Petition for Writ of Habeas Corpus on July 25, 2026. (Doc. 1). Upon review of Petitioner's allegations and arguments, the Court construes the Petition as challenging his mandatory detention under 8 U.S.C. § 1225.[1] (Doc. 4 at 1). As relief, Petitioner requests immediate release or an individualized bond hearing. (Doc. 1 at 6–7).

Federal Respondents filed a Response advising that on July 21, 2026, Petitioner received an individualized bond hearing before an immigration judge under 8 U.S.C. § 1996. (Doc. 5 at 1–2). After considering evidence, the immigration judge denied Petitioner bond, finding that he poses a danger to the community. (*Id.* at 2). According to Federal Respondents, because Petitioner received the relief he requests (a bond hearing), his Petition should be denied as moot. (*Id.* at 3).

---

[1] Insofar as Petitioner seeks to raise other claims, they are insufficiently pled. (Doc. 4 at 1).

Here, Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))). And because Petitioner received the only relief requested in his Petition for which he was entitled—a bond hearing—the Court finds the Petition to be moot. To the extent Petitioner disagrees with the outcome of the bond hearing, he may appeal the immigration judge's decision to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b)(7). Or he may seek a new bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED as moot.**
2. The Warden's Motion to Dismiss (Doc. 7) is **DENIED as moot**.
3. The Clerk is **DIRECTED** to enter judgment dismissing the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on September 15, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Elvin Donaldo Alvardo-Manzanarez, A216862098
Counsels of Record